UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHAEL C.,[1]

 Plaintiff,

v.

KILOLO KIJIKAZI, Acting Commissioner
of the Social Security Administration,[2]

 Defendant.

Civil Action No. 18-1935 (JDB)

MEMORANDUM OPINION & ORDER

Michael C. has brought this action to challenge the Social Security Administration's ("SSA") denial of his claim for disability insurance and supplemental security income benefits.[3] See generally Compl. [ECF No. 1] at 1, 5; Administrative Record [ECF No. 10-2] ("AR") at 29.[4] The Court referred the case to a magistrate judge for full case management. Order, Aug. 29, 2018 [ECF No. 7] ("Referral"). On March 25, 2022, Magistrate Judge Robin M. Meriweather issued a Report and Recommendation in which she advised the Court to remand the case to the SSA for further consideration by the Administrative Law Judge ("ALJ"). R. & R. [ECF No. 20] ("R&R") at 21–22. Defendant filed an objection to the R&R on April 8, 2022, see Obj. to the R&R [ECF

---

[1] Based on a recommendation from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, plaintiff's name has been partially redacted due to privacy concerns. See Mem. from Hon. Wm. Terrell Hodges, Chair, Comm. on Ct. Admin. & Case Mgmt., to Chief Judges of the U.S. Cts. of Appeals, Chief Judges of the U.S. Dist. Cts., Clerks of the U.S. Cts. of Appeals, and Clerks of the U.S. Dist. Cts. (May 1, 2018), available at https://www.uscourts.gov/sites/default/files/18-ap-c-suggestion_cacm_0.pdf.

[2] Kilolo Kijakazi is substituted for Nancy A. Berryhill as the Defendant in this case pursuant to Federal Rule of Civil Procedure 25(d) and 42 U.S.C. § 405(g).

[3] The applications for these two benefits programs are separate, but the definition of "disabled" is identical under both. See Roberts v. Colvin, 946 F. Supp. 2d 646, 657 (S.D. Tex. 2013) ("The law and regulations governing the determination of disability are the same for both programs.") Accordingly, the Court will address both of plaintiff's SSA applications together.

[4] The Court's CM/ECF system has split the full Administrative Record into separately numbered filings. For the purposes of this Memorandum Opinion, "AR" will be used to refer only to ECF No. 10-2, which contains the ALJ's decision and documents affiliated with the disability hearing. Because the AR is internally paginated, the Court will use the original pagination instead of the page numbers created by CM/ECF.

1

No. 21] ("Objection"), and plaintiff responded on April 22, 2022, see Resp. to Objection [ECF No. 22] ("Response"). The R&R, Objection, and Response are now before this Court and ripe for resolution. For the reasons outlined herein, the Court will overrule defendant's Objection and remand the matter to the SSA for further action consistent with this Memorandum Opinion.

## Background

I. **Statutory & Regulatory Framework**

The Social Security Act of 1935 provides "disability insurance benefits" to eligible individuals, 42 U.S.C. § 423(a)(1), and "supplemental security income" to individuals who have "attained age 65 or are blind or disabled," id. § 1381. Claimants seeking these benefits must apply to the SSA, which evaluates their claimed conditions and determines whether they are indeed disabled within the meaning of the Social Security Act. See id. § 423(b). If a claimant's initial application is denied, he or she can then request a disability hearing before an ALJ for a more extensive review of his or her medical conditions. 20 C.F.R. § 404.914(a). In their applications and at disability hearings, claimants must prove their conditions with "[o]bjective medical evidence." 42 U.S.C. § 423(d)(5)(A).

At a disability hearing, the ALJ must determine whether a claimant is disabled under the Act. See 20 C.F.R. §§ 404.1520(a)(1), 416.920(a)(1); see also Butler v. Barnhart, 353 F.3d 992, 997 (D.C. Cir. 2004) (describing the process the ALJ must follow in doing so). As part of that inquiry,[5] the ALJ ascertains the claimant's residual functional capacity ("RFC"), 20 C.F.R. § 404.1545(a), which is "an assessment of an individual's ability to do sustained work-related . . . activities in a work setting on a regular and continuing basis [for] 8 hours a day, . . . 5 days a week, or an equivalent work schedule," Soc. Sec. Ruling 96-8p, 1996 WL 374184, at *4 (July 2, 1996)

---

[5] The full analysis the ALJ must perform is thoroughly documented in Judge Meriweather's R&R, R&R at 3–4, as well as in the ALJ's decision, AR at 16–17.

2

(binding SSA ruling defining "residual functional capacity"). The RFC is the "most that an individual can do despite his or her limitations or restrictions." Id.; accord 20 C.F.R. § 416.945(a)(1). When determining a claimant's RFC, the ALJ must "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe." 20 C.F.R. § 416.945(e).

When considering mental impairments (as opposed to physical ones), the ALJ must evaluate the severity of the claimant's impairment in four specific areas of functioning: the abilities to "[u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself." 20 C.F.R. § 416.920a(c)(3). The claimant's impairment in each area is assessed on a sliding scale, ranging from "[n]one," to "mild," "moderate," "marked," and finally "extreme." Id. § 416.920a(c)(4). If the ALJ determines that the claimant suffers any impairment in one or more of these four areas, that impairment must be reflected in the ALJ's RFC analysis, or, if it is not reflected, the ALJ must explain its absence. See id. § 416.920a(e)(4); accord McGathy v. Berryhill, No. 5:16-CV-235-FL, 2017 WL 2120076 (E.D.N.C. Apr. 26, 2017) ("[A] claimant's [mental] limitation . . . may not translate into a limitation in the RFC, but . . . the ALJ must explain if that is the case." (citing Mascio v. Colvin, 780 F.3d 632, 638 (4th Cir. 2015))), adopted by, McGathy v. Berryhill, No. 5:16-CV-235-FL, 2017 WL 2082923 (E.D.N.C. May 15, 2017). The ALJ then uses the RFC to determine what work, if any, the claimant can perform in the national economy. 20 C.F.R. § 416.920(a)(4)(v), (g)(1); accord Brown v. Bowen, 794 F.2d 703, 705–06 (D.C. Cir. 1986). If such work exists, the ALJ will determine the claimant is not disabled and will deny the claimant's application; if no such work exists, the claimant's application for benefits will be approved. 20 C.F.R. § 416.920(a)(4)(v), (g)(1).

## II.     Factual Background

Plaintiff first applied for supplemental security income and social security disability insurance in March 2017.  R&R at 2.  He was homeless at the time, but he had previously held jobs as "a customer service representative, chef, construction project manager, warehouse worker, and security guard."  Id.  He has been diagnosed with "several mental health illnesses, including posttraumatic stress disorder (PTSD), attention deficit hyperactivity disorder (ADHD), bipolar disorder, personality disorder, and oppositional defiant disorder."  Id.  He has struggled with these mental health problems throughout his life, as thoroughly documented by Judge Meriweather.[6]  R&R at 2, 4–8.

The SSA denied plaintiff's applications for benefits at both the "initial and reconsideration levels of review."  R&R at 2; AR at 15.  Thereafter, plaintiff requested a disability hearing before an ALJ to reassess his claim at a more comprehensive level.  R&R at 2.  After a hearing on December 6, 2017, AR at 15, the ALJ found that plaintiff had, among other things, "moderate" difficulties with "concentrating, persisting, and maintaining pace" ("CPP"), AR at 19.  She also noted that plaintiff "endorsed [a] short attention span of twenty minutes or so."  Id.  But while the ALJ "[did] not doubt that the [plaintiff's] psychiatric conditions cause impairment in function," AR at 25, she ultimately determined that plaintiff has the RFC to

> perform a full range of work at all exertional levels but with the following nonexertional limitations: carrying out simple tasks in 2-hour increments with 15-minute breaks in-between; having occasional interaction with coworkers and supervisors but no direct interaction with the general public; and adapting to simple changes in a routine work setting.

---

[6] The Court has no desire to ignore plaintiff's conditions and history, although those considerations are not directly relevant to the issues in this Opinion.  Judge Meriweather's R&R provides an attentive and careful summation of the record, which the Court will incorporate here by reference.  See R&R at 4–8.

AR at 20.  Based on this RFC and the testimony of a vocational expert, the ALJ determined that plaintiff's impairments did not prevent him from working in the national economy, and accordingly, she denied plaintiff benefits on that basis.  AR at 28–29.

Plaintiff requested that the SSA's Appeals Council reconsider the ALJ's decision, but the Council declined to do so.  R&R at 2.  Thereafter, plaintiff timely brought this action for judicial review on August 17, 2018, id.; see Compl. at 5, and the Court referred the case to Judge Meriweather for full management, see Referral.  Plaintiff then moved for remand, arguing, in relevant part, that the ALJ's RFC analysis did not account for all of plaintiff's impairments.  See Pl.'s Mot. for J. of Remand [ECF No. 13] ("Mot. for Remand") at 15–19.  In particular, plaintiff contended that the RFC improperly failed to reflect his "moderate" CPP impairments.[7]  See id. at 18–19.

Defendant responded, contending in relevant part that the ALJ did account for plaintiff's CPP difficulties by limiting plaintiff to "carrying out no more than simple tasks in 2-hour increments with 15-minute breaks in between," Def.'s Mot. for J. of Affirmance & Opp'n to Mot. for Remand [ECF No. 15] ("Mot. for Aff.") at 14 (emphasis omitted).  This clause of the RFC, defendant argued, adequately accounted for plaintiff's impairments, and therefore the ALJ's decision should be affirmed.  Id. at 14–15.

### III.   Judge Meriweather's Report & Recommendation

Judge Meriweather ultimately agreed with plaintiff, concluding that portions of the ALJ's RFC assessment were not supported by substantial evidence.  See R&R at 16–21.  Judge Meriweather reasoned that the ALJ was obligated either to account for plaintiff's CPP impairment

---

[7] Plaintiff also asserted that remand was appropriate because the ALJ erred at other stages of the disability assessment.  See Mot. For Remand at 12–15.  Judge Meriweather rejected that argument, however, see R&R at 10–14, and plaintiff has not objected to that conclusion before this Court.

5

in the RFC analysis or to explain why doing so was unnecessary. Id. at 16–20; see also Id. at 16–20; see also Capps v. Berryhill, Civ. A. No. CBD-17-2438, 2018 WL 4616018, at *5 (D. Md. 2018) (noting that once an ALJ concludes that a claimant suffers from a CPP impairment, the ALJ must either include a corresponding limitation in the RFC or explain why a limitation is not needed). But she concluded that the ALJ did neither in this case and, therefore, remand was warranted. R&R at 19–21.

Judge Meriweather focused on the disparity between plaintiff's "moderate" CPP difficulties, see AR at 19, and his purported RFC, which proclaimed that plaintiff could work "in 2-hour increments with 15-minute breaks in-between," id. at 20. She concluded that "two-hour periods of concentration followed by short breaks is 'no restriction at all, because a normal workday anticipates' a similar schedule, even for unimpaired workers." R&R at 19 (citation omitted); accord Reeves v. Berryhill, Civ. A. No. 2:16-cv-00114, 2018 WL 1547856 at *2 (M.D. Tenn. Mar. 5, 2018); see also Soc. Sec. Ruling 96-9p, 61 Fed. Reg. 34,478, 34,482 (July 2, 1996) (binding SSA ruling describing a schedule for unimpaired sedentary workers of working "2-hour intervals" with "a morning break, a lunch period, and an afternoon break"); SSA, Programs Operations Manual (POMS), DI 25020.010(B)(2)(a), https://secure.ssa.gov/poms.nsf/lnx/0425020010 (effective Apr. 5, 2007). "Because the ALJ determined that [plaintiff] suffers a moderate limitation in [CPP], . . . [plaintiff] cannot therefore have a residual functional capacity to perform work at the same level as an individual with no functional limitations" in the same area. R&R at 19; see also Reeves, 2018 WL 1547856, at *3 ("[C]ourts have found an ALJ's finding of moderate limitations in CPP to be inherently inconsistent with an RFC for maintaining CPP for two hours at a time during an eight hour workday.") In addition, Judge Meriweather briefly noted that "[n]one of the other RFC

assessments made by the ALJ in this case," including the limitation to simple tasks, "could apply to [plaintiff's] concentration-based limitations."  R&R at 20 (first citing Petty v. Colvin, 204 F. Supp. 3d 196, 206 (D.D.C. 2016); and then citing O'Connor-Spinner v. Astrue, 627 F.3d 614, 620 (7th Cir. 2010)).

Having concluded that the ALJ did not account for plaintiff's CPP limitations in the RFC, Judge Meriweather then assessed whether the ALJ provided adequate explanation for this omission.  See, e.g., R&R at 20 (asking "[w]hy, for example, did the ALJ settle on two-hour increments after acknowledging that [plaintiff] 'endorsed [a] short attention span of twenty minutes or so'?" (third alteration in original)).  An ALJ's decision, Judge Meriweather explained, "must include a '"narrative discussion describing how the evidence supports each conclusion"' so that the Court can assess whether an 'accurate and logical bridge' links the record evidence to the ALJ's conclusions."  R&R at 20 (quoting Dowell v. Colvin, 232 F. Supp. 3d 1, 8 (D.D.C. 2017)).  "This bridge is particularly important," she noted, "where there are 'inconsistencies [and] ambiguities evident in the record.'"  Id. (alteration in original) (quoting Butler, 353 F.3d at 1000).  But Judge Meriweather found no such bridge in the ALJ's opinion in this case.  R&R at 21.  Consequently, "[w]ith no explanation and no 'logical bridge' linking the ALJ's findings and conclusions," Judge Meriweather could not "trace the ALJ's line of reasoning, and so [could not] conclude that the Commissioner's RFC assessment is supported by substantial evidence."  Id.

### IV.   Defendant's Objection to the Report and Recommendation

Defendant timely objected to Judge Meriweather's R&R.  See generally Objection.  Importantly, defendant did not object to Judge Meriweather's conclusion that the RFC's limitation to work in "2-hour increments with 15-minute breaks in-between" is inadequate to account for plaintiff's CPP limitations.  Instead, defendant argued that Judge Meriweather applied an

7

impermissible "categorical rule" that a limitation to simple tasks can never account for a claimant's CPP difficulties. Objection at 1–2. According to defendant, such limitations can accommodate a moderate CPP impairment so long as the ALJ explains why the accommodation is adequate in a given case, Objection at 2–3 (first citing Shinaberry v. Saul, 952 F.3d 113, 121 (4th Cir. 2020); and then citing Hess v. Comm'r of Soc. Sec., 931 F.3d 198, 211–14 (3d Cir. 2019)), but Judge Meriweather's "categorical rule" left no room for assessing the ALJ's explanation in this case, Objection at 1–2. Finally, defendant asserted that the ALJ did adequately explain why the RFC accounted for plaintiff's moderate CPP impairment. See id. at 4–7. In short, defendant contended that Judge Meriweather improperly failed to consider the ALJ's reasoning for a simple-tasks limitation, and had she done so, she would have seen that the ALJ supported the RFC with an adequate explanation.

Plaintiff timely responded to defendant's Objection, defending Judge Meriweather's conclusion with respect to the ALJ's RFC analysis. See generally Response at 4–8. Plaintiff also contended that the arguments proffered by defendant to support the ALJ's decision are improper post hoc rationalizations. Id. at 8–10.

## Standard of Review

If the SSA's Appeals Council enters a decision adverse to a claimant or declines to review an unfavorable ALJ decision, judicial review is available in the federal district in which the claimant resides. 42 U.S.C. § 405(g). On judicial review, an ALJ's "factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The substantial evidence standard "requires more than a scintilla, but can be satisfied by something less than a preponderance of the evidence," Butler, 353 F.3d at 999 (citation omitted), and constitutes "such relevant evidence as a reasonable mind might

8

accept as adequate to support a conclusion," Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted). The Court must review the entire record, but it cannot re-weigh evidence. See Brown, 794 F.2d at 705.

On review, a court must remand if the ALJ's decision was not supported by substantial evidence, Butler, 353 F.3d at 999, or if "incorrect legal standards were applied," Dowell, 232 F. Supp. 3d at 6 (citation omitted). An ALJ establishes substantial evidence by "build[ing] a 'logical bridge' from the evidence to [their] conclusion." Cunningham v. Colvin, 46 F. Supp. 3d 26, 33 (D.D.C. 2014) (quoting Banks v. Asture, 537 F. Supp. 2d 75, 84 (D.D.C. 2008)). In addition, it must be the ALJ who provides such explanations: a reviewing court may not accept or consider post hoc rationalizations from counsel as grounds to uphold a deficient administrative decision. See Burlington Truck Lines, Inc. v. United States, 371 U.S. 156, 168–69 (1962); Williams v. Colvin, 134 F. Supp. 3d 358, 364 (D.D.C. 2015).

Finally, when a party objects to a magistrate judge's report and recommendation, the court reviews de novo those issues raised by the objection.[8] Fed. R. Civ. P. 72(b)(3).

## Analysis

As noted above, defendant objects to the R&R on two grounds: (1) Judge Meriweather allegedly applied an impermissible categorical rule that a "simple tasks" RFC limitation could never account for a claimant's CPP difficulties, Objection at 1–3; and (2) the ALJ adequately explained why the simple-tasks limitation in this case was sufficient to account for plaintiff's CPP difficulties, id. at 4–7. The Court concludes that, while defendant's first point has some merit, the ALJ nonetheless failed to adequately explain her decision. The decision is thus not supported by substantial evidence, and remand is necessary.

---

[8] When a timely objection has not been filed, a court reviews a magistrate judge's report and recommendation for clear error. See Tsige v. Faculty Practice Plan, No. 13-7148, 2014 WL 1378310, at *1 (D.C. Cir. 2014).

9

At the outset, the Court readily agrees with defendant that there is no "categorical rule" that a limitation to simple tasks can never account for CPP difficulties. See Objection at 2. An ALJ is indeed free to conclude that a simple-tasks limitation in a claimant's RFC accounts for CPP difficulties, so long as the reasoning behind that conclusion is adequately explained. See Shinaberry, 952 F.3d at 120–22; Hess, 931 F.3d at 211–14. And the Court also acknowledges that Judge Meriweather's discussion of the simple-tasks limitation was quite brief and could be interpreted to apply the categorical rule to which defendant objects. See R&R at 20. To the extent the R&R does endorse such a rule, the Court disagrees and does not adopt it.[9]

That being said, if the ALJ intended the simple-tasks limitation to accommodate plaintiff's CPP difficulties, she was still obligated to explain as much. See Shinaberry, 952 F.3d at 121–22; Hess, 931 F.3d at 211 ("[A]s long as the ALJ offers a 'valid explanation,' a 'simple tasks' limitation is permitted after a finding that a claimant has 'moderate' difficulties in 'concentration, persistence, or pace.'"). Neither this Court nor Judge Meriweather, see R&R at 21, has been able to find any such explanation. After careful review of the ALJ's opinion, this Court can identify no discussion whatsoever of the simple-tasks limitation or why it accommodated plaintiff's difficulties with CPP. Rather, throughout the decision, the ALJ simply set out the evidence in the record without connecting that evidence to her conclusions. Most importantly, the ALJ failed to explain how and why she arrived at <u>any</u> single element of plaintiff's final RFC. To use Judge Meriweather's phrase, the Court "cannot trace the ALJ's line of reasoning" with respect to the simple-tasks limitation "and so cannot conclude that [her] RFC assessment is supported by

---

[9] In fairness to Judge Meriweather, defendant's Motion for Affirmance addressed the simple-tasks limitation and the two-hour limitation only as a single unit. See Mot. for Aff. at 14–16. It was not until its Objection that defendant singled out the simple-tasks limitation as an independent way in which the ALJ accounted for plaintiff's CPP difficulties. See Objection at 1–3. Accordingly, Judge Meriweather's failure to rigorously analyze the simple-tasks limitation was not due to neglect on her part but rather to defendant's own framing of the issue.

10

substantial evidence." Id. at 21.  Because the ALJ's decision contained "no explanation and no 'logical bridge' linking [her] findings and conclusions," id. at 21, remand is necessary, just as Judge Meriweather recommended.

Defendant disagrees with this assessment, arguing that the ALJ did provide explanations for her RFC conclusions, including the simple-tasks limitation.  See, e.g., Objection at 7.  In support, defendant points to various pieces of evidence mentioned by the ALJ[10] and asserts that the evidence "provides overwhelming support that a limitation to simple tasks and nothing more was adequate to account for Cameron's moderate [CPP] difficulties."[11]  Id. at 6.

But an ALJ merely reiterating evidence from the record is not the same thing as explaining why those facts support the ultimate conclusion.  See, e.g., Williams, 134 F. Supp. 3d at 364; Dowell, 232 F. Supp. 3d at 8.  And although counsel has done a fine job connecting the evidence to the ALJ's conclusion, offering those explanations is the responsibility of the agency decisionmaker in the first instance, not counsel after-the-fact.  In other words, it has been counsel—not the ALJ—who built the requisite "logical bridge" between the record evidence and the sufficiency of a simple-tasks limitation in this case.  Defendant's arguments are thus quintessential post hoc rationalizations, and they cannot serve as a basis for affirming an agency decision.  See Burlington Truck Lines, 371 U.S. at 168–69; Williams, 134 F. Supp. 3d at 364.

---

[10] Indeed, while not itself indicative of error, it is telling that defendant's Objection primarily cites the record evidence—such as reports from plaintiff's medical practitioners, medical records, transcripts, and so on—instead of the ALJ's opinion itself.  See Objection at 4–7.

[11] For example, defendant states that the ALJ "could not get over the fact that [plaintiff's] own treating mental health providers found that he had the mental faculties to become a commercial truck driver where sustained concentration is essential."  Objection at 5.  The ALJ, however, only ever discussed commercial truck driving in proximity to plaintiff's CPP difficulties when she briefly remarked that, during his evaluation for a truck driving class, plaintiff "expressed extensive concern with interacting with others and concentrating, [but] the statement from Drs. Patterson and Mack indicates relatively intact psychiatric functioning."  AR at 23–24.  But the ALJ does not explain how her judgment that plaintiff has "relatively intact psychiatric functioning," id. at 24, relates to the limitations of the RFC, nor does she explain why plaintiff's apparent ability to work as a truck driver supports a limitation to simple tasks.

11

Accordingly, upon consideration of Magistrate Judge Meriweather's Report and Recommendation, the objection thereto, and the entire record herein, and for the reasons set forth above, it is hereby

**ORDERED** that the Report and Recommendation is **ADOPTED** to the extent that it is consistent with this Memorandum Opinion; and it is further

**ORDERED** that the case is **REMANDED** to the SSA for further action consistent with this opinion.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: July 21, 2022